[Civ. No. 4881. First Appellate District, Division Two.—June 25, 1924.]

MARY L. FALVEY, as Administratrix, etc., Respondent, v. ELMER A. ROBERTS, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—DISTANCE AND SPEED — IMPROBABLE TESTIMONY.—In an action for damages arising out of an automobile collision, it is to be expected that there will be some variance in the evidence on such questions as distance and speed; and the improbability of a single isolated portion of the testimony of a witness on such questions does not bind the court to disregard the witness' testimony in its entirety where it is otherwise consistent and not improbable.

[2] ID.—CONFLICTING EVIDENCE—FINDING—APPEAL.—In this action for damages for the death of plaintiff's intestate as the result of a collision at an intersection between an automobile operated by the deceased's son, and in which the deceased was riding as a passenger, and an automobile owned and operated by defendant, the evidence as to the relative positions of the two machines as they entered the intersection and as to the speed at which each was traveling presented a conflict which it was the function of the trial court to weigh, and its determination of such conflict could not be disturbed on appeal.

---

(1) 23 C. J., p. 53, sec. 1795.   (2) 4 C. J., p. 883, sec. 2855.

1. Evidence as to speed of automobile, notes, 19 Ann. Cas. 754; Ann. Cas. 1917D, 613; 34 L. R. A. (N. S.) 778. See, also, 3 Cal. Jur. 977; 2 R. C. L. 1202.
  2. See 2 Cal. Jur. 921; 2 R. C. L. 204.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan, George J. Presley and Ernest T. Hall for Appellant.

Gilbert D. Ferrell and Daniel A. Ryan for Respondent.

NOURSE, J.—Action by the administrator of the estate of Jeremiah Baldwin Falvey, deceased, for damages resulting from the latter's death in an automobile collision July 12, 1922.

The collision occurred between a Ford sedan owned and operated by the deceased's son, in which the deceased was a passenger at the time, and an Oakland touring car owned and operated by defendant herein. The cause was tried before the court without a jury, and the court found, in accordance with the allegations of the complaint, that defendant so carelessly, negligently, and unskillfully managed, drove, and operated his automobile that it ran into and collided with the automobile in which decedent was riding, overturning the same and killing decedent, and rendered judgment for plaintiff in the sum of five thousand dollars. Defendant appealed.

The appeal is on the sole ground that the evidence fails to disclose any negligence on the part of defendant which either proximately or at all caused or contributed to the injuries suffered by respondent's intestate.

The collision occurred at the intersection of San Mateo Drive and Peninsula Avenue, in San Mateo County. San Mateo Drive runs in a northerly and southerly direction and Peninsula Avenue runs easterly and westerly. Double car tracks run along San Mateo Drive. The Ford sedan in which respondent's intestate was a passenger was proceeding south on San Mateo Drive, about two feet from the westerly curb line, while appellant was proceeding west on Peninsula Avenue, traveling about the middle of the street. The Ford sedan was on appellant's right and had the right of way unless it was further from the point of intersection of their paths than appellant's automobile. Failure of the

driver of either car to yield the right of way resulted in their collision, overturning both cars and killing respondent's intestate. On the question of which party had the right of way, as well as the speed of the respective cars, the evidence was sharply conflicting. Appellant's position is that the only evidence that the Ford had the right of way was the testimony of the driver Falvey, the son of respondent's intestate; that his testimony upon this point "is so improbable and fantastic in the light of what admittedly happened that it should be disregarded entirely"; and that the physical facts support this contention. He refers particularly to that portion of Falvey's testimony where, on cross-examination, he says he started to swerve to the right when he had gone about ten feet past the northerly curb of Peninsula Avenue, and that at that time appellant's car had gone about a couple of feet past the easterly curb of San Mateo Drive. Appellant then says it would have been physically impossible for him to have reached the point of collision by the time Falvey did. We agree with appellant that these figures are undoubtedly wrong. The space occupied by the crossing of the two streets formed a square seventy feet across from property line to property line. The sidewalk was twelve feet wide on each side, leaving the square between the curbs forty-six feet across. It was sixteen and a half feet in a diagonal line from the point where Falvey testified he turned to the point designated as the point of collision, and, according to this evidence, appellant was distant fifty-two feet from the point of collision. A rate of speed more than three times that of Falvey's would be required to have enabled appellant to reach the point of collision at the same time as Falvey. Falvey attributed to appellant a rate but two and a half times his own, and his was the highest estimate.

[1] However, we do not agree with appellant that the improbability of a single isolated portion of the testimony binds the court to disregard the witness' testimony in its entirety where it is otherwise consistent and not improbable. It is to be expected that there will be some variance in the evidence in a case of this kind on such questions as distance and speed. [2] The evidence fixed the place of the collision as slightly south of the middle of Peninsula Avenue and between the western curb and property line, if extended,

of San Mateo Drive—about eight feet past the curb line. On direct examination intestate's son testified that he was traveling at about fourteen miles an hour; that when the front wheels of his car were about on a line with the northerly curb of Peninsula Avenue he saw appellant's car just approaching the easterly curb of San Mateo Drive—"I would say he was in the vicinity of this property line, possibly between the property line and the outside curb, but he had not reached the outside curb in the vicinity of the easterly property line of San Mateo Drive; very close to it"; that he saw appellant look over in his direction, and appellant being on his left-hand side and farther away, he (Falvey) proceeded to cross the street at a rate of about fourteen miles an hour until he saw  appellant crossing the car tracks on San Mateo Drive and knew he was coming across, when he (Falvey) swerved to his right and turned up Peninsula Avenue in an effort to avoid a collision; that appellant had been traveling about thirty miles an hour on approaching the intersection and increased his speed to about thirty-five miles an hour as he crossed the intersection in order to clear another automobile which approached on his left, traveling north on San Mateo Drive.  The driver of this third automobile testified that appellant was traveling "better than twenty miles an hour" as he entered the intersection and increased his speed as he crossed.

Mathematically tested, this testimony of Falvey is not at all improbable.  Falvey's car was traveling about two feet from the westerly curb of San Mateo Drive.  The distance from the northerly curb line of Peninsula Avenue to the center of the avenue and then at a right angle to the point of collision was thirty-three feet.  The distance, traveling diagonally from a point ten feet south of the northerly curb of Peninsula Avenue, was over twenty-six feet.  Taking for a moment the evidence which put Falvey's rate of speed at fourteen miles an hour and appellant's at thirty-five miles an hour, the latter was traveling two and a half times as fast as the former and would have traveled sixty-five feet while Falvey was traveling twenty-six.  The distance from the easterly curb of San Mateo Drive to the designated point of collision was fifty-four feet.  A variance in another witness' testimony from that of the witness Falvey did not oblige the trial court to accept the former and reject the

latter. Neither do we think the position of the automobiles after the collision precludes the credibility of Falvey's testimony.

The record then simply presents a conflict in the evidence, which it was the function of the trial court to weigh and which cannot be disturbed on appeal.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.